**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 9, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30695
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ROBERT BAILEY,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-382-ALL
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

     Robert Bailey, who is black, appeals his conviction

following a jury trial for being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g).  His sole argument

on appeal is that the district court erred in sustaining the

Government's challenge under Batson v. Kentucky, 476 U.S. 79,

89 (1986), to his use of peremptory strikes to strike a white

juror, Ms. Raffray.  The district court's conclusion that

Bailey attempted to use his peremptory strike in a racially

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

discriminatory matter is reviewed for clear error. United States v. Pofahl, 990 F.2d 1456, 1466 (5th Cir. 1993).

Bailey has failed to demonstrate that the district court's conclusion was clearly erroneous. He contends that reversal is required because the district court placed too high a burden on him to demonstrate a legitimate reason for striking Raffray. Bailey urges that he satisfied his burden of offering a facially valid, race-neutral reason for striking her, to wit: her friendship with another venire member.

Bailey's argument is unpersuasive. Taking the district court's comments in toto, it is clear that the court accepted the proffered reason but ultimately determined that it was pretextual. The court's determination that the proffered reason was pretextual is entitled to great deference; moreover, it is supported by strong prima facie evidence of discrimination, based on the fact that Bailey had used nine of his 10 peremptory strikes to excuse white jurors, as well as Raffray's testimony during voir dire that she did not socialize with the other juror in question and would be able to make an independent decision despite her friendship with him. See Hernandez v. New York, 500 U.S. 352, 364-65 (1991); United States v. Kelley, 140 F.3d 596, 606-07 (5th Cir. 1998).

The district court's judgment is AFFIRMED.